**[Cite as *In re Estate of Burnett*, 2026-Ohio-3097.]**

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

IN THE ESTATE OF:
DANNY LEE BURNETT, SR.,
AKA: DANNY L. BURNETT, DAN
BURNETT

Case No. 25 CAF 08 0071

Opinion and Judgment Entry

Appeal from the Delaware County Court of
Common Pleas, Probate Division, Case No.
2212-1964-PES

Judgment: Affirmed

Date of Judgment Entry: August 11, 2026

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** Cassandra Wiltz, Estate Executor, Appellant, Pro se; Attorney Nickolas McCoy, Appellee, Pro se.

*Hoffman, P.J.*

{¶1}    Appellant Cassandra Wiltz appeals the July 30, 2025 Judgment Entry entered by the Delaware County Court of Common Pleas, Probate Division, which overruled her objections to two magistrate's decisions ordering her to pay attorney fees and expenses to appellee Attorney Nickolas McCoy and granting Attorney McCoy's motion to withdraw as counsel.[1]

---

[1] Attorney McCoy did not file a brief in the instant appeal.

STATEMENT OF THE FACTS AND CASE

{¶2}    Dan L. Burnett, Sr. ("Decedent") died on October 1, 2022. On December 2, 2022, Attorney Terrence Flahive filed an application for authority to administer Decedent's Estate. Attorney Flahive advised the probate court he was not aware of the existence of any will.  A will search was completed, but yielded no will in the probate court's possession. Decedent had 4 adult children, each of whom filed a waiver of right to administer requesting Attorney Flahive be appointed as the Administrator of Decedent's Estate. The probate court appointed Attorney Flahive as the Administrator on December 5, 2022.

{¶3}    Decedent and Appellant were partners in excess of 20 years. On December 8, 2022, Attorney McCoy, on behalf of Appellant, filed an application to probate Decedent's will as well as an application for authority to administer Decedent's Estate. A copy of Decedent's Last Will and Testament ("the Will") was also filed on December 8, 2022. In the Will, Decedent appointed Appellant as the Executor.

{¶4}    Via Decision filed January 6, 2023, the magistrate found Appellant, having been named in the Will, should be appointed Executor of Decedent's Estate. The magistrate revoked the Letters of Administration to Attorney Flahive.  The trial court approved and adopted the magistrate's decision on the same day. The probate court issued an Entry Appointing Fiduciary; Letters of Authority on February 1, 2023, appointing Appellant as the fiduciary to administer Decedent's Estate. An inventory of the Estate property was completed. A partial account was filed on August 2, 2023.  Over the course of the proceedings, Appellant filed several pro se applications to extend the administration of the Estate.

{¶5}    Attorney McCoy filed an application for allowance of attorney fees and expenses on March 1, 2024.  In his application for allowance of attorney fees and expenses,

Attorney McCoy stated he and Appellant entered into an Estate Hourly Fee Agreement whereby he would represent Appellant as the fiduciary of Decedent's Estate. Attorney McCoy explained he provided services and advanced expenses in the amount of $7,997.84, which were necessary and beneficial to the Estate. Attorney McCoy added Appellant recently advised him she no longer wished for him to serve as her attorney or as attorney for the Estate. Attorney McCoy attached a copy of the Estate Hourly Fee Agreement and an invoice for services and expenses.

{¶6}   Also, on March 1, 2024, Attorney McCoy filed a motion to withdraw as counsel. Therein, Attorney McCoy stated he received an email from Appellant on February 29, 2024, stating, "[t]he Court advised me that you will need to file something, indicating that you are no longer my attorney or the attorney for the Estate."   Motion to Withdraw as Counsel for Executor at p. 1, unpaginated. Pursuant to Appellant's request, Attorney McCoy requested the probate court to grant him permission to withdraw.

{¶7}   The magistrate conducted a hearing on Attorney McCoy's application for allowance of attorney fees and expenses and his motion to withdraw as counsel on April 10, 2024. Via Decision filed April 10, 2024, the magistrate concluded Attorney McCoy's application should be granted in the amount of $7,997.84.  Via Decision filed April 11, 2024, the magistrate concluded Attorney McCoy's motion to withdraw be granted.  Appellant filed objections to the Magistrate's April 10, 2024 Decision on April 24, 2024, and objections to the Magistrate's April 11, 2024 Decision on April 25, 2024.  On April 24, 2024, Appellant filed a letter to the probate court, requesting, inter alia, an audio recording of the April 10, 2024 hearing.  The probate court staff prepared the audio recording on a USB flash drive and

sent Appellant a letter informing her of the $4.00 cost of the drive. Appellant did not pick up the drive or make any arrangements to have the drive delivered to her.

{¶8} Via Judgment Entry filed June 11, 2024, the probate court found "[a] transcript of all the evidence submitted to the Magistrate relevant to the Decision at issue is required since there appear to be disputed findings of fact," and ordered Appellant to file the transcript of the magistrate's hearing and any supplement to her originally filed objections on or before July 11, 2024. June 11, 2024 Judgment Entry at p. 1, unpaginated. The probate court further ordered all other parties to respond to Appellant's objections and any supplemental objections on or before July 25, 2024.

{¶9} On July 11, 2024, Appellant filed a motion for order to compel Attorney McCoy to provide her with the complete file. Appellant also requested the probate court extend the due date for supplemental objections until 14 days after the complete file was provided to her. On July 25, 2024, Attorney McCoy filed a response to Appellant's objections as well as her July 11, 2024 motion. Via Judgment Entry filed August 30, 2024, the probate court denied Appellant's motion to compel Attorney McCoy to provide her with the complete file as well as Decedent's cremation records. The probate court found Attorney McCoy provided Appellant with the complete file in April, 2024, and Attorney McCoy did not have possession of the cremation records. The probate court granted Appellant's motion for an extension of time, providing all parties with an additional 10 calendar days from the date of the entry to file any final responses or replies to the pending objections.

{¶10} Via Judgment Entry filed July 30, 2025, the probate court overruled Appellant's objections and adopted the magistrate's April 10, 2024 and April 11, 2024 decisions. The probate court repeatedly referred to Appellant's failure to provide "a transcript, affidavit, or

technological alternative to a transcript" to support her objections. July 30, 2025 Judgment Entry at pp. 2, 4, 5, 7, 8. The trial court concluded, "Given this failure to provide an acceptable record, the Court disregards any objections to factual matters that have been challenged and accepts all of the Magistrate's findings of fact." (Citations omitted.) *Id.* at p. 5.

{¶11} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE PROBATE COURT ERRED AND JOINED NICKOLAS MCCOY, THE STATE OF OHIO, AND OTHERS IN PARTICIPATING IN A CONSPIRACY TO RETALIATE AGAINST ME, WHEN IT MADE ORDERS THAT DECLARED ME TO BE THE 'DEBTOR' FOR LEGAL FEES ALLEGEDLY INCURRED BY THE ESTATE OF DAN BURNETT (INCLUDING FOR LEGAL FEES THAT MCCOY DID NOT ACTUALLY EARN AND/OR WOULD NOT PROVIDE DOCUMENTS TO SUPPORT CLAIMS THAT HE EARNED THEM) AND PLACED A LIEN ON MY HOME FOR THE DEBT, GIVEN THAT THE ESTATE IS STILL OPEN, THE ESTATE HAS PENDING LAWSUITS/CLAIMS FILED AGAINST OTHERS, ACTIONS OF MCCOY ARE REASONS THAT THE LAWSUIT/CLAIMS ARE STILL PENDING, AND DAN BURNETT'S WILL INDICATES THAT THERE ARE SEVEN ESTATE BENEFICIARIES (INCLUDING ME) WHO CAN SHARE IN THE

DISTRIBUTION OF POSSIBLE MONETARY DAMAGES RESULTING FROM THE PENDING LAWSUITS/CLAIMS.

II. THE PROBATE COURT ERRED, MADE A DECISION THAT IS NOT SUPPORTED WITH EVIDENCE THAT IS IN THE RECORD, DEMONSTRATED ITS BIAS AGAINST ME, WHEN IT MADE A DECISION THAT APPROVED THE PAYMENT OF LEGAL FEES TO NICKOLAS MCCOY (AND PLACED A LIEN ON MY HOME SO THAT THE FEES COULD BE PAID), WHILE HAVING KNOWLEDGE THAT THE RECORD SHOWS THAT MCCOY AND I DID NOT HAVE THE PAYMENT AGREEMENT/UNDERSTANDING THAT HE CLAIMED THAT WE HAD AND THAT MCCOY SHOULD NOT HAVE BEEN PAID FOR ANY ALLEGED EXPENSES INCURRED THAT EXCEEDED THE AMOUNT THAT WE HAD AGREED THAT HE COULD BE PAID.

III. THE PROBATE COURT ERRED, MADE A DECISION THAT IS NOT SUPPORTED WITH EVIDENCE THAT IS IN THE RECORD, AND DEMONSTRATED ITS BIAS AGAINST ME, WHEN IT MADE A DECISION THAT APPROVED THE PAYMENT OF LEGAL FEES TO NICKOLAS MCCOY (AND PLACED A LIEN ON MY HOME SO THAT THE FEES COULD BE PAID), WHILE HAVING KNOWLEDGE THAT THE RECORD SHOWS THAT MCCOY DID NOT PERFORM SOME OF THE SERVICES THAT HE CLAIMED THAT HE PERFORMED AND ALSO MADE ONE OF HIS FALSE CLAIMS ABOUT HAVING PERFORMED SERVICES 'FOR PURPOSES OF DEMONSTRATING HIS

OWN BIAS AGAINST ME, OF HELPING THE STATE OF OHIO TO RETALIATE AGAINST ME AND TO HARM ME (WITH A LIBELOUS CLAIM), AND OF HELPING THE STATE OF OHIO WITH ITS EFFORTS TO CAUSE ASSETS TO BE TAKEN AWAY FROM ME' [SIC].

IV. THE PROBATE COURT ERRED, MADE A DECISION THAT IS NOT SUPPORTED WITH EVIDENCE THAT IS IN THE RECORD, AND DENIED ME MY FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO BE HEARD IN FRONT OF AN UNBIASED DECISION MAKER, WHEN THE COURT APPROVED AN INVOICE FOR PAYMENT OF LEGAL FEES (AFTER NICKOLAS MCCOY REFUSED TO PROVIDE ME WITH PROOF THAT HE HAD EARNED SOME OF THE FEES) AND WHEN THE COURT MADE ANOTHER DECISION IN WHICH IT STATED THAT MCCOY WOULD NOT BE COMPELLED TO PROVIDE THE PROOF TO ME BECAUSE HE HAD ALLEGEDLY ALREADY PROVIDED IT TO ME (EVEN THOUGH MCCOY ACTUALLY TOLD THE COURT THAT HE 'DID NOT' AND WOULD NOT' [SIC] PROVIDE THE PROOF, WHICH ALLEGEDLY CONSISTED OF EMAILS, TO ME AND THAT HE WOULD NOT PERFORM HIS ETHICAL DUTY TO PROVIDE ME WITH THE ESTATE'S COMPLETE CASE FILE).

V. WHEN NICKOLAS MCCOY FAILED AND REFUSED TO PROVIDE THE CREMATION RECORDS OF DAN BURNETT (THAT HE HAD IN HIS POSSESSION) TO ME AND THE PROBATE COURT

REFUSED TO COMPEL HIM TO PROVIDE THE RECORDS TO ME, KNOWINGLY FALSELY STATED THAT MCCOY DID NOT HAVE THE CREMATION RECORDS, AND IGNORED THE FACT THAT MCCOY HAD ALSO REFUSED TO RESPOND TO MY REQUESTS FOR HIM TO ASK THE COURT TO COMPEL THE STATE OF OHIO TO PROVIDE THE CREMATION RECORDS TO ME, MCCOY AND THE PROBATE COURT DEMONSTRATED THAT THEY WERE PARTICIPATING IN A CONSPIRACY (TO RETALIATE AGAINST ME BECAUSE I EXERCISED MY FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT, TO KEEP ME FROM GETTING THE CREMATION RECORDS, AND TO PREVENT THE STATE OF OHIO AND OTHERS FROM BEING HELD ACCOUNTABLE/LIABLE FOR THE STATE'S 'UNLAWFUL USE OF' AND 'UNLAWFUL CREMATION OF' THE BODY OF DAN BURNETT AND THE STATE'S THEFT OF BODY REMAINS AND PERSONAL PROPERTY) AND THE COURT MADE A DECISION THAT IS NOT SUPPORTED BY EVIDENCE THAT IS IN THE RECORD AND ALSO DEMONSTRATED THAT I WAS BEING DENIED MY DUE PROCESS RIGHT TO BE HEARD IN FRONT OF A NON-BIASED DECISION MAKER.

VI. THE PROBATE COURT ABUSED ITS DISCRETION, WHEN IT MADE A 7/30/25 DECISION INDICATING THAT IT WAS GOING TO DISREGARD THE EXHIBIT ATTACHMENTS TO MY 4/24/24 AND 4/25/24 OBJECTIONS AND THAT THE COURT HAD ACTED

APPROPRIATELY WHEN IT REFUSED TO GRANT A CONTINUANCE FOR THE 4/10/24 HEARING.

{¶12} This Court previously affirmed the Delaware County Court of Common Pleas July 23, 2024 Judgment Entry declaring Appellant to be a vexatious litigator. *Wiltz v. Miller*, 2025-Ohio-1325 (5th Dist.). As such, Appellant was required "[to] file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted" before or along with a notice of appeal. R.C. 2323.52(F)(2); See *Prime Equip. Group, Inc. v. Schmidt*, 2015-Ohio-3683, ¶¶ 5-8 (10th Dist.). Appellant did so, filing a Notice of Appeal and application for leave to proceed on August 29, 2025. Appellant's Docketing Statement indicated the "DATES of the judgment being appealed: 7/30/25, 8/30/24, 6/11/24. 4/17, 24, 4/12/24, 4/11/24, 4/10/24, 3/25/24." This Court granted Appellant's application via Judgment Entry filed September 18, 2025. We subsequently clarified the scope of Appellant's appeal, noting "we granted Appellant leave to appeal the trial court's judgment approving attorney fees." February 13, 2026 Judgment Entry. Accordingly, we will limit our review to any errors alleged in the trial court's July 30, 2025 Judgment Entry.

### I, II, III, IV, V

{¶13} Because Appellant failed to file a transcript of the magistrate's April 10, 2024 hearing with the trial court, our review of the trial court's July 30, 2025 decision is limited. Pursuant to Civ.R. 53(D)(3)(b)(iii), "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). In the absence

of a transcript or a properly filed affidavit of the evidence in support of a party's objections, a trial court is "required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts." (Citation omitted.) *Galewood v. Terry Lumber & Supply Co.*, 2002-Ohio-947, ¶ 10 (9th Dist.). Appellate court review in such instances is, likewise, limited to whether the trial court's application of the law to the factual findings was an abuse of discretion. (Citation omitted.) *Zukerman, Daiker & Lear Co., L.P.A. v. Signer*, 2009-Ohio-968, ¶ 22 (8th Dist.).

{¶14} Reviewing the trial court's application of the law to the magistrate's factual findings, we find no abuse of discretion. We find the magistrate's legal conclusions are supported by the factual findings. "[W]here an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established." (Citations omitted.) *Forge Fire & Co., LLC v. Lincoln Ctr. Mfg., LLC*, 2026-Ohio-2265, ¶ 13 (5th Dist.).

{¶15} Appellant's first, second, third, fourth, and fifth assignments of error are overruled.

V, VI

{¶16} App.R. 19(A) establishes limits to the length of an appellate brief:

> Without prior leave of court, no initial brief of appellant or cross-appellant and no answer brief of appellee or cross-appellee shall contain more than 9,000 words, and no reply brief shall contain more than 4,500 words, exclusive of the cover page, table of contents, table of cases, statutes and other authorities cited, statement regarding oral argument, certificates of counsel,

signature blocks, certificate of service, and appendices, if any. An initial brief and answer brief not exceeding 30 pages in length at 12-point font shall be presumed compliant with the 9,000 word limit * * *.

{¶17} Further, former Loc.R. 9(B), in effect when Appellant filed her Brief to this Court, narrows the length of briefs to specific page limits:

> In addition to the requirements of App.R. 16, no brief by any party in an appeal or original action, excluding appendices, table of contents, table of cases, statement of assignments of errors, and statement of the issues shall exceed thirty pages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. No reply brief shall exceed fifteen pages.

{¶18} Appellant's Brief exceeded the 30-page limit without leave of this Court. Accordingly, we will not consider any of portion of Appellant's fifth assignment of error which is beyond page 30, nor will we consider any of Appellant's sixth assignment of error. See, *In re Guardianship of Pond*, 2023-Ohio-2492 (5th Dist.).

{¶19} The judgment of the Delaware County Court of Common Pleas, Probate Division, is affirmed.

{¶20} Costs to Appellant.


By: Hoffman, P.J.

Montgomery, J. and

Popham, J. concur.